No. 12,887.

## RENNER ET AL. *v.* ROSS,. ADMINISTRATOR.

PARTIES.—*Practice.—Supreme Court.* — *Waiver.*—Where one is made a party defendant to an action, who is neither a necessary nor a proper party thereto, the plaintiff can not be heard to object to his right to assail the complaint or petition by assignment of error in the Supreme Court on appeal.

DECEDENT'S ESTATE.—*Administrator.— Sale of Real Estate.— Petition.*—An administrator is allowed to sell land for the purpose of making assets only in case of necessity, and in his petition for an order of sale he must state facts clearly showing that such necessity exists.

SAME.— *Will,— Widow's Statutory Allowance.—Election by Widow.*—A petition by an administrator for an order to sell the real estate of the decedent to make assets for the payment of the widow's statutory allowance, which shows that there is a will, but does not show whether or not the widow has elected to take under its provisions, is insufficient.

From the Fayette Circuit Court.

*C. A. Murray, J. M. McIntosh* and *C. Roehl,* for appellants. *R. Conner* and *H. L. Frost,* for appellee.

ELLIOTT, J.—The appellee filed the petition on which the proceedings set forth in this record are founded, asking that the land of which his decedent died the owner be sold for the payment of debts due from his estate.

David J. Renner was made a party to the petition by the appellee, and joins in the assignment of errors with his wife, Mary A. Renner, one of the heirs of the decedent, and it is argued by the appellee's counsel, that, as he was neither a proper nor a necessary party to the proceeding, he had no right to join in an attack upon the petition. The appellee's

position is not tenable.    By his voluntary act he made David
J. Renner a party, and he can not now be heard to allege
that he was not a proper party.    Having brought Renner
into court as a party, the appellee has no right to complain
because Renner defends as a party.    The appellee can not be
allowed to occupy inconsistent positions.

There was no error in overruling the motion to make the
petition more specific.    This motion asked that the petition
·be made to show " what portion of the reaʾ estate is liable to
be made assets," and as the petition stated the facts that was
a question of law.    It was not necessary for the petitioner to
make his petition more specific than the statute requires, and
that only requires a concise statement of the facts.    Counsel
argue the question as if the motion required the court to com-
pel the petitioner to show whether the widow had elected to
take under the law or under the will, but this is not the
question presented by the motion.

The petition shows that the only claim for which it is neces-
sary to sell the real estate is that of the widow.    On that
point the allegations of the petition are these :  " That there
are no debts of said estate except the costs of this adminis-
tration and the $500 given the widow by statute, unless Mary
A. Renner files claims against said estate for the expenses of
the last sickness, and funeral expenses, which were paid by
her ; that if the widow elects to take under the provisions
of the will, all of said real estate, except the life-estate of
said widow, is liable to be made into assets for the payment
of said debts, and the part thus liable is of the probable
value of $1,500 ; that if said widow does not elect to take
under the provisions of said will, then the undivided two-
thirds of said real estate is liable to be made into assets."

It is insisted that the petition does not state facts sufficient
to entitle the appellee to an order for the sale of the prop-
erty, because, for aught that appears, the widow may have
elected to take under the will, and thus have relinquished
her right to the statutory allowance.

In *Langley* v. *Mayhew,* 107 Ind. 198 (6 N. E. R. 317, and note), it was held that the allowance will be released by the widow's election to take under an inconsistent provision of her husband's will, and if there was such a provision in the will of the husband of Ann Vietor there was no necessity for selling the real estate. It is a settled doctrine of the law that resort can only be made to the real property in a case of necessity. *Cole* v. *Lafontaine,* 84 Ind. 446, and cases cited ; *Jackson* v. *Weaver,* 98 Ind. 307 ; *Scherer* v. *Ingerman,* 110 Ind. 428. We think it the duty of the administrator who seeks to compel the sale of real estate to state facts showing the necessity for resorting to it.

If the petition before us can be regarded as showing a necessity for resorting to the real estate, it should be upheld ; otherwise it should be condemned. It seems to us that the petition does not show the existence of this necessity. It is not averred that the widow made an election, nor that she has not, but it is left in doubt as to what course she may pursue, so that it can not be said that there is any necessity for resorting to the land to pay her claim. It is true that in many cases the presumption, in the absence of countervailing facts, is, that the widow took under the law. *Wetherill* v. *Harris,* 67 Ind. 452. But we do not think this presumption can prevail where the administrator seeks to take the land from the heir and sell it to pay the widow's allowance, under section 2491 of the Revised Statutes. In such a case the duty of affirmatively showing that it is necessary to take the land devolves upon the administrator. He has no right to invoke the benefit of this presumption.

In this case the petition can only be sustained by making one of two important presumptions against the heir, and that, we are clear, the law will not warrant us in doing.

The general statement that if the widow elects to take under the will, then, all of the land subject to her life-estate is liable, is but the pleader's conclusion. Whether the land is liable depends upon the provisions of the will and the

course pursued by the widow. If she elected to take under the will, then it may be that she released her right to the statutory allowance. *Langley* v. *Mayhew, supra.*

Whether she did release her right to the allowance depends upon the facts, and is a conclusion of law to be drawn by the court. It was the duty of the pleader to state the facts, and not the conclusions of law. Looking to the facts, it can not be said that any necessity is shown for resorting to the land.

Judgment reversed.

