## CADLE v. McLIMANS.

(No. 819; Decided January 4th, 1915; 153 Pac. 901.)

APPEAL AND ERROR—APPEALABLE INTEREST—PARTIES—JUDGMENT—
PROCESS — CONSTRUCTIVE SERVICE — MORTGAGES — CANCELLATION —
PENALTY FOR NEGLECT TO CANCEL—ACTIONS—JURISDICTION OF
SUBJECT MATTER.

1. One whom plaintiff made a party defendant and against
whom he sought and was awarded relief, has such an
interest that he may bring error, and plaintiff cannot ques-
tion his right to do so.

2. Personal judgment for the recovery of the penalty pre-
scribed by Comp. Stats. 1910, Sec. 3696, for neglect to re-
lease a mortgage after payment, cannot be rendered against
a defendant served by publication only.

3. Plaintiff purchased land, assuming a mortgage thereon, and
also gave his own note for the amount of the incumbrance.
Plaintiff thereafter paid the indebtedness to an attorney
who held it for collection, and the original note and his
own note were returned to him, but the attorney was
without authority to cancel the mortgage of record.
Neither being able to discover the whereabouts of the
mortgagee, the plaintiff brought an action to quiet title
and to recover the penalty provided (Comp. Stats. 1910,
Sec. 3696) for failure to cancel the mortgage of record,
joining the attorney as a party defendant. The mortgagee
was served by publication only. *Held*, that as the funds
in the hands of the attorney were not garnisheed and as
no personal judgment could be rendered against the mort-
gagee on service by publication, plaintiff was not entitled
to recover the penalty, for the court could not by reason
of the mere fact that the attorney was joined as a party,
obtain jurisdiction over the funds paid him for the mort-
gagee.

ERROR to the District Court, Sheridan County; HON. P.
W. METZ, Judge.

Action by Harry A. McLimans against Nettie Harmiston
and S. P. Cadle. There was judgment for plaintiff and
defendant brings error. Heard on motion to dismiss and
upon the merits. The material facts are stated in the
opinion.

*F. W. Byrd,* for plaintiff in error.

Plaintiff in error, Cadle, has an appealable interest, as he was made a party defendant below where relief was sought against him affecting a substantial right. (Baldwin v. Foss, 14 Neb. 455; State v. Cranney, 71 Pac. 50.) No personal judgment was rendered below against defendant, Harmiston; no garnishment proceedings were instituted to reach the funds in Cadle's possession; the motion to dismiss and to tax costs in this court under Comp. Stats. 1910, Sec. 5110, is premature. Considering the controversy on the merits no cause of action was stated against defendant, Cadle, nor do the facts justify a recovery against him. McLimans urged Cadle to accept payment in order to stop payment of interest on the mortgage; Cadle undertook to release the mortgage, but the recorder would not permit Cadle to release without a power of attorney; it was not alleged that a tender of charges was made by McLimans to Cadle, and no cause of action under Section 3696 was stated. (Gurskey v. Kelpin, 85 N. W. 558; Madder v. Plano Mfg. Co., 97 N. W. 843.) It was error to enter a personal judgment for the amount of the penalty in the absence of personal service on the mortgagee. (Pennoyer v. Neff, 95 U. S. 714; Cooley on Const. Lim. (6th Ed.), p. 498; Belcher v. Chambers, 53 Cal. 635; Galpen v. Page, 18 Wall. (U. S.) 350; Brown v. Campbell, 100 Cal. 641; Graham v. Spenser, 14 Fed. Rep. 606; Manchester v. McKee, 9 Ill. 520; Jones on Evidence, Sec. 622; Black on Judgments, Sec. 904; Pinney v. Providence Loan &c. Co., 106 Wis. 396, 50 L. R. A. 577; Cooper v. Reynolds, 10 Wall. (U. S.) 308.)

*Gogerty & McNally,* for defendant in error.

ON THE MOTION.

The plaintiff in error has no appealable interest and was not prejudiced nor injuriously affected by the judgment; he held the funds in a trust relation. He was joined as a party for the purpose of determining the extent of his authority, as agent for defendant, Harmiston. The fund

was paid to Cadle under a belief that he had authority to cancel the mortgage. Defendant in error was entitled to recover the penalty prescribed by Section 3696, Comp. Stats. Plaintiff in error has no reason to call upon this court to set aside a judgment which does not affect him. (2 Cyc. 628; 2 Standard Enc. Pro. 194, 198 and 191; 2 Ruling Cas. L., Sec. 33, p. 52; 2 Cyc. 631; 2 Ruling Cas. L. 52, 53 and 54; 2 Standard Enc. Pro., pp. 200 and 201; Poundstone v. Baldwin, 145 Ind. 139, 44 N. E. 191; Penn Mutual Life Insurance Co. v. Creighton, 51 Neb. 659, 71 N. W. 279.) He was a mere stakeholder without personal interest. (Hall v. Jack, 32 My. 253; 2 Cyc. 636.) Defendant Harmiston should have been made a party to this appeal. (American Loan & Trust Co. v. Clark, 83 Fed. 230, 27 C. C. A. 522; In re. Castle Dome Mining & Smelting Co. (Cal.), 29 Pac. 746; Kahn v. Hollis (Ga.), 53 S. E. 95; Bauer v. Thomas, 69 Ga. 47; Michigan Mutual Life Ins. Co. v. Frankel (Ind.), 50 N. E. 304; Miles v. Lackey (Kan.), 63 Pac. 738; Kaufman v. Preston (Ind.), 63 N. E. 570; Anderson Glass Company v. Brakeman (Ind.), 47 N. E. 938.)

## ON THE MERITS.

Plaintiff in error has no right to allege in his own behalf defenses which could be alleged by his co-defendant only. An attachment or. garnishment was not indispensable to acquire jurisdiction over the fund. (Bragg v. Gaynor (Wis.), 55 N. W. 919; Pennoyer v. Neff, 95 U. S. 726.)

BEARD, JUSTICE.

This case has been submitted on the merits subject to a motion by defendant in error to dismiss the proceedings in error. We will first consider the motion. The grounds therefor are that plaintiff in error has no appealable interest in the cause; was not prejudiced or injuriously affected by the judgment, and was not aggrieved thereby. Plaintiff in error was made a defendant in the district court and in the petition relief was prayed against him, and by the order and judgment of the district court he was re-

quired to forthwith pay into court a certain sum of money then in his possession, and adjudged to pay his own costs in the case. That order and judgment he alleges was erroneous, and he seeks a reversal thereof. Having made him a defendant and having prayed for and obtained relief against him, defendant in error is not in position to claim that plaintiff in error has no appealable interest in the cause, or that he is not prejudiced or aggrieved by the order and judgment. Defendant cannot hold his judgment against plaintiff in error and at the same time deny him the right to appeal from that judgment. In other words, he cannot insist on plaintiff in error complying with the order and judgment without at the same time conceding to him the right to contest the validity of the order and judgment by proceeding in error in this court. (Ricketson v. Compton, 23 Cal. 637-650; Renner v. Ross. Adm'r., 111 Ind. 269, 12 N. E. 508; State v. Cranney, 30 Wash. 594, 71 Pac. 50.) The motion to dismiss is denied.

The action in the district court is entitled "Harry A. McLimans, plaintiff, vs. Nettie Harmiston and S. P. Cadle, defendants." The facts of the case as we understand them from the record are that on August 23, 1909, plaintiff purchased from one Bauman two lots upon which there was a mortgage in favor of defendant Harmiston for $200, which plaintiff assumed and agreed to pay, giving his note to her, which note contained the following statement: "This note is given in lieu of a note heretofore given by J. A. Bauman and wife and secured by mortgage." The Bauman note and mortgage were left in a bank, and afterwards, by direction of Harmiston, the claim was placed in the hands of defendant Cadle, who was and is an attorney at law. But whether he received the original note or only a copy of it from the bank does not clearly appear, nor is the evidence satisfactory as to what became of it, but tends to show that it was lost. It was long past due when plaintiff purchased the lots and gave his note for $200 to defendant Harmiston and which became due March 1, 1910. The deed to plaintiff for the lots was acknowledged before

Cadle, and it appears that he retained possession of the mortgage and plaintiff's note, and on March 28, 1911, plaintiff paid to Cadle the amount due thereon ($230) and received his note, having written thereon, "Paid in full Mch. 28, 1911," and signed "S. P. Cadle." He also received from Cadle the mortgage and a copy of the Bauman note, each having written thereon and signed by defendant Cadle as attorney for Harmiston, a statement that they were fully paid and satisfied. It appears that Cadle was under the impression at the time that he as the attorney of Nettie Harmiston could cancel the mortgage by an entry on the margin of the record; but when he appeared for that purpose the clerk refused to allow him to do so without a power of attorney from the mortgagee. He informed plaintiff of that fact and endeavored to secure a release from the mortgagee, but was then and ever since has been unable to locate her or to hear from her, and he still retains the money. Plaintiff testified that Cadle told him that he was attorney in fact for Mrs. Harmiston. That Cadle denied. Plaintiff also testified that at several times, when he inquired about it, Cadle told him he had not been able to locate Mrs. Harmiston. The relief sought against the defendant Harmiston, who was a nonresident of the state and was served by publication and made default, was to have the mortgage indebtedness decreed paid, the mortgage satisfied of record and to recover one hundred dollars, the penalty provided by Section 3696, Comp. Stat. 1910, for the failure of the mortgagee to cancel the mortgage of record. The relief sought against defendant Cadle, who appeared and filed his separate answer, will perhaps best appear by setting out a copy of the prayer of the petition, which is as follows: "First: That the said court ascertain and adjudicate the rights of the parties hereto. Second: That the said S. P. Cadle be decreed and required to furnish and produce before this court all evidences of his pretended agency for defendant, Nettie Harmiston, in order that this court may properly determine

his status and the consequent rights of this plaintiff. Third:
That in the event the agency and authority of the said S.
P. Cadle to accept said money and release said note and
mortgage of record as aforesaid be determined to be suf-
ficient and to the satisfaction of this court; he be required
forthwith the release of record of said mortgage and cancel
and give to plaintiff the original note, and further that judg-
ment be thereupon rendered against the said S. P. Cadle
and his principal, Nettie Harmiston, and each of them, for
$100 as prescribed in Section 3696 of the Wyoming Stat-
utes as penalty for their failure and refusal to release said
mortgage of record. Fourth: That in the event the said
S. P. Cadle fails or refuses to establish his said pretended
agency to the extent of his representations thereof or fails
to establish his authority so to act or that the said S. P.
Cadle be found to have acted fraudulently or improperly
in the premises, then and in that event he be adjudged, de-
creed and ordered forthwith to pay into this court for the
use and benefit of the said Nettie Harmiston the sum of
$230 and interest thereon at the legal rate from March
28th, 1911, and further that he be adjudged to pay the
costs herein accrued and all actual damages resulting to
plaintiff by reason of his improper actions, including a
reasonable attorney fee to be by the court determined."
The sixth paragraph prayed for the cancellation of the
mortgage and quieting of title against defendant Harmis-
ton. "Seventh: That the premises being considered the
court make such other and further order, decree or finding
and grant such other, further, full and complete relief as
to the court may seem just and equitable."

The court entered a decree cancelling the mortgage of
record and quieting plaintiff's title to the lots against de-
fendant Harmiston, and made and entered an order against
defendant Cadle as follows: "That defendant S. P. Cadle
be, and he is hereby ordered and directed forthwith to pay
into the clerk of this court of and from the moneys now
in his possession belonging to defendant, Nettie Harmiston,

the sum of one hundred dollars, which sum said clerk is directed to pay unto plaintiff or his attorneys of record, the same being the penalty for the failure of defendant, Nettie Harmiston, to release said mortgage of record within the time provided by law after the satisfaction thereof." And adjudged each party to pay his own costs. From the order and judgment against defendant Cadle he appeals.

Cadle's authority as attorney for defendant Harmiston to collect and receive the money is fully sustained by the evidence, and such payment to him extinguished the debt secured by the mortgage, and the decree cancelling the mortgage was properly entered, and is not here complained of. But upon what theory Cadle could rightly be made a party defendant in that action, or upon what principle or rule of procedure he could be legally ordered to pay over money in his possession belonging to defendant Harmiston we are unable to see. If plaintiff had a claim against her for money and Cadle was her debtor, or had money belonging to her in his possession, the statute on attachment and garnishment provides a clear and ample method to reach it; but that method is not by making the debtor of the defendant or person having money or property of defendant in his possession a party defendant in the action. The court in connection with the relief to cancel the mortgage could make no valid order disposing of defendant Harmiston's money in Cadle's possession until it acquired control over it by attachment, which was not done in this case; and the order so made was erroneous. No personal money judgment could be rendered against defendant Harmiston, who was served by publication only, nor was such a judgment rendered against her. Aside from the action against defendant Harmiston to cancel the mortgage of record, the case seems to bear some resemblance to the incident recorded in the gospel according to John, Chapter XXI, verse 3, and must have a similar result as in that instance. The judgment of the district court in so far as it affects defendant Cadle is reversed and the cause remanded with direc-

tions to vacate the order and judgment against him, and to enter an order dismissing the action as to him at plaintiff's costs.          *Reversed and remanded with directions.*

POTTER, C. J., and SCOTT, J., concur.