[No. 1707, May 19, 1915.]

## McMILLEN v. BOATRIGHT, Mayor, et al.

### SYLLABUS BY THE COURT.

1. It is essential that a person who seeks to prosecute an appeal should show that he is interested in the subject-matter of the controversy, and that his rights will be materially affected by the judgment.

P. 346

2. Where one is made a party defendant to an action who is neither a necessary nor a proper party thereto, the plaintiff cannot be heard to object to his right to assail the complaint or petition by assignment of error on appeal.

P. 347

Appeal from District Court, Bernalillo County; H. F. Raynolds, Judge.

Action by Thomas McMillen against D. H. Boatright, Mayor, and others. From judgment for plaintiff, defendants appeal, and plaintiff moves to dismiss the appeal. Motion denied.

MARRON & WOOD of Albuquerque, for appellants.

MANN & NICHOLS of Albuquerque, for appellee.

### STATEMENT OF FACTS.

The plaintiff in this cause below, appellee here, alleged that he is the duly appointed and qualified city marshal of the city of Albuquerque, with the right to hold said office and exercise the duties thereof until his successor is appointed and qualified, under the provisions of the city ordinances of said city, and that no person has been appointed and qualified as his successor, nor has he been removed by the city authorities; that the defendants, appellants here, without right or authority, are attempting to dispossess him of said office, and to forcibly and wrongfully take possession thereof, and threaten, unless restrained, to unlawfully dispossess him thereof, and seize the office room, furniture, books, papers, and paraphernalia thereof, to plaintiff's irreparable injury, who is without adequate remedy at law in the premises, in that no action may be maintained at law to prevent such unlawful acts. Wherefore plaintiff prayed that the said D. H. Boatright, mayor of the said city, and the said George Thomas, their agents, servants, etc., be restrained from endeavoring to take possession of the office, and from performing or attempting to perform the duties of said office, or from interfering with the conduct of the same, and that the injunction be made permanent upon final hearing. Thereupon a temporary restraining order was made by the district court of Bernalillo county, directed to the defendants, ordering them to refrain from attempting to take possession of said office, or exercising the duties thereof or from forcibly interfering with the conduct of the same, and requiring them to appear before the district court to show cause why the said order should not be made permanent.

A motion to quash the temporary injunction was made by defendants and overruled. A subsequent demurrer to the amended complaint was likewise overruled. Whereupon the defendants answered, denying, among other

things, that they or either of them had used or threatened
to use any force or forcible methods against the said Mc-
Millen, or to place the defendant Thomas in possession of
his office as city marshal, but admitted that the defendant
Thomas had demanded said office of the said incumbent,
McMillen, and claimed title thereto. And further alleg-
ing that the term of office of the incumbent, McMillen,
had expired, and that the defendant Thomas had been
regularly appointed by nomination of the mayor, which
had been duly acted upon by the council, who had quali-
fied as such officer, and was therefore entitled to posses-
sion of the office. To which answer a demurrer was inter-
posed by the plaintiff on the ground that the answer did
not state facts sufficient to constitute a defense to plain-
tiff's complaint, which being sustained, the defendants
declined to plead further. Whereupon the temporary in-
junction was made permanent, and defendants prayed and
were granted this appeal from said judgment, which was
duly perfected; but, while pending in this court, the ap-
pellant Thomas has filed here a motion to dismiss his
appeal, with costs against the appellants, and sets up
that after due consideration he has no desire to prosecute
said appeal. Whereupon the appellee, McMillen, moves
the court to dismiss the appeal, because it appears that
one of the appellants, Thomas, has moved to dismiss, and
because it further appears from the record that the con-
troversy involved was between McMillen, appellee, and
the said Thomas, and that there is no controversy which
can be settled by this appeal as between the said Boatright
and the appellee McMillen, the controversy being over the
possession of the office of the chief of police of the city of
Albuquerque, and it appearing from the records in this
cause that the possession of said office was not claimed by
said appellant Boatright.

## OPINION OF THE COURT.

HANNA, J. (after stating the facts as above).—This
cause is, at the present time, not before this court upon its
merits, but solely upon the motion of appellee to dismiss
the appeal, which is based upon the alleged lack of ap-

pealable interest in the appellant Boatright, such as is necessary to sustain his right to further prosecute his appeal.

By appellee it is assumed that the issue between the parties upon the trial of this cause in the district court, was the right to the office in question, that of city marshal of the city of Albuquerque. This assumption, however, is not supported by the facts of the case, as disclosed by the record. The amended complaint, as clearly shown by the prayer for relief, sought only a restraining order, restraining the defendants and each of them from endeavoring to take possession of the office, office furniture, books, papers, and paraphernalia of said office of city marshal of the city of Albuquerque, or from performing or attempting to perform the duties of said office, or from interfering with the conduct of the same until further order of the court, and for a permanent injunction upon final hearing.

By the answer of the defendants it was set up that the defendants had not used or threatened to use any force against the plaintiff, and that they or either of them were attempting to place the defendant, Thomas, in possession of the office of city marshal. The issue therefore became one of fact as to whether or not the defendants were doing or attempting to do the acts complained of, and which was set up as the basis for the restraining order of the district court. Each defendant was charged with the commission of the acts complained of, and each was alleged to threaten, unless restrained, to proceed to unlawfully dispossess the plaintiff of his office.

[1] The sole basis for the motion to dismiss is that one of the appellants has declined to further prosecute his appeal, but we cannot see how the action of this appellant can be permitted to prejudice the rights of the appellant, Boatright, nor as to him can it be said that the question has become a moot question. We do not question the well-established principle of law that it is essential that a person who seeks to prosecute an appeal should show that he is interested in the subject-matter of the controversy,

and that his rights will be materially affected by the judgment. Elliott's Appellate Procedure, § 133.

[2] It is equally well settled that the appealable interest must be a substantial interest in the subject of the controversy. But it has been held that where a plaintiff makes a person a party to his complaint, he cannot urge successfully in the appellate court that such party is not a proper party, because he is not to be permitted to assume inconsistent positions; or as stated by the Supreme Court of Indiana:

"It is argued by the appellant's counsel, that, as he (referring to one of the appellants) was neither a proper nor a necessary party to the proceeding, he had no right to join in an attack upon the petition. The appellee's position is not tenable. By his voluntary act he made David J. Renner a party, and he cannot now be heard to allege that he was not a proper party. Having brought Renner into court as a party, the appellee has no right to complain because Renner defends as a party. The appellee cannot be allowed to occupy inconsistent positions." Renner et al. v. Ross, Adm'r, 111 Ind. 269, 12 N. E. 508.

See, also, Jones v. Thompson, 12 Cal. 192, and Ricketson v. Torres, 23 Cal. 637.

This rule would seem to be conclusive upon the merits of the motion to dismiss, and is equivalent to saying that, where one is made a party defendant to an action, who is neither a necessary nor a proper party thereto, the plaintiff cannot be heard to object to his right to assail the complaint or petition by assignment of error on appeal, which is the holding as announced in the first syllabus in the case of Renner et al. v. Ross, Adm'r, supra.

The present case, however, does not necessarily fall within the rule, in that we do not think it is necessary to consider that this appellant, Boatright, was neither a necessary nor a proper party. The plaintiff in this cause below, saw fit to assert that the defendant Boatright was

doing or attempting to do certain acts inimicable to the rights of plaintiff and prayed for and secured a temporary injunction against him, which was subsequently made permanent. By so doing the plaintiff brought the defendant Boatright into court, and subjected him, as a matter of necessity, to a defense upon the issue pointed out, and would now deny him a right to a review of the proceedings had in the district court. For which reason we consider that the defendant Boatright had an appealable interest as one of the parties defendant in the district court, and therefore the motion to dismiss this appeal is denied; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.

### SYLLABUS BY THE COURT.

