McMillin v. Boatright, Mayor, 21 N. M. 327.

[No. 1707, January 21, 1916.]

McMILLIN v. BOATRIGHT, Mayor, et al.

SYLLABUS BY THE COURT.

Where the allegations of the complaint are denied, either specifically or generally by the answer, it is error to sustain a demurrer to the answer.

Appeal from District Court, Bernalillo County; H. W. Raynolds, Judge.

Action by Thomas McMillin against D. H. Boatright, Mayor, etc., and others. From judgment for plaintiff, defendants appeal. Reversed and remanded, with directions.

J. W. WILSON, GEORGE S. KLOCK and MARRON & WOOD, all of Albuquerque, for appellants.

The answer sets up a prima facie right to the office in defendant Thomas and therefore it was error to enjoin him in taking possession.

Hubbell v. Armijo, 13 N. M. 482.

MANN & NICHOLAS of Albuquerque, for appellee.

The allegation that McMillin was city marshal, or had qualified as such, or was entitled to possession of the same, based on information and belief, was no answer at all.

C., R. I. & P. Ry. Co. v. Wertheim, 15 N. M. 105.

OPINION OF THE COURT.

PARKER, J.—This case was before us on a motion to dismiss the appeal, which motion was denied. McMillin v. Boatright, 149 Pac. 305.

The amended complaint alleges that the appellee was the duly appointed and qualified city marshal of the city of Albuquerque; that no person had been appointed and qualified as his successor, nor had he been removed by the appointing power; that the defendants, without right or authority, were attempting to dispossess plaintiff of said office, and to forcibly and wrongfully take possession of the books, papers, office furniture, office room, and paraphernalia, and to wrongfully usurp said office, and threatened so to do, and that unless restrained, they would, as appellee believed, proceed to wrongfully and unlawfully dispossess appellee thereof, and seize the office room, furniture, books, papers, and paraphernalia of said office, to the appellee's irreparable injury. Appellee prayed for a temporary injunction, which was granted, and which was made permanent on final hearing.

A demurrer to the complaint was interposed by the defendants, and overruled, and thereupon they answered. They admitted in the answer that the appellee was in the actual possession of said office, and was therefore the de facto city marshal; but they denied that they or either of them had used or threatened to use any force, or forcible methods whatever against the appellee, or to place the defendant George Thomas in possession of the office of city marshal of said city. They further alleged that the term of office of appellee had expired, and that thereafter, on the 20th day of April, 1914, the appellant Boatright nominated the appellant Thomas for the office of city marshal of the city of Albuquerque; that said nomination was acted upon by the city council, four of the aldermen voting in favor thereof, and four against the confirmation thereof, whereupon the said Boatright, as mayor of said city, cast his vote to decide the tie vote in favor of the confirmation and thereupon declared the nomination of said appellant Thomas duly confirmed; that the said appellant Thomas thereafter duly qualified as such city marshal, and was entitled to the possession of the office, and to all the rights, duties, and emoluments thereof, and was so entitled at the time of the commencement of

the action; that a commission had been duly issued by said authorities of the city of Albuquerque, constituting, appointing, and commissioning the said appellant Thomas as said city marshal.

A demurrer to the answer was interposed by the appellee upon the following grounds: (1) That said answer does not state facts sufficient to constitute a defense to plaintiff's complaint, in this: (a) That it admits that plaintiff is the de facto city marshal of Albuquerque, and does not set up a prima facie right to said office; (b) nor does said answer allege that defendant Thomas' right to said office has ever been determined by any court; (c) said answer does not show that said Thomas has executed a bond, and that the same has been approved by the city council as is required by law as a prerequisite to his taking the office. This demurrer was sustained, and the appellants electing not to plead further, but to stand upon their said answer, the court rendered judgment permanently enjoining the appellants from "using or attempting to use force or stealth, or any forcible or stealthy method in taking possession of, or attempting or endeavoring to take possession of the office of city marshal of the city of Albuquerque, and from forcibly interfering with the appellee in the conduct of said office." The defendants below thereupon brought this appeal.

As appears from a report of the case in 149 Pac. 305, after the case was brought into this court, the appellant Thomas, who was the appointee to the office of city marshal, filed a motion to dismiss his appeal, leaving the appellant Boatright, who was the mayor of the city of Albuquerque, as the sole appellant in the case. The errors assigned are 8 in number, but the only ones which are noticed in the brief are those which relate to the action of the court in sustaining the demurrer to the appellant's answer to the amended complaint, and to the court's action in making the injunction permanent. The court, in its final judgment, enjoined the defendants from taking or attempting to take possession of the office by force or stealth, and from forcibly interfering with the appellee in

the conduct of his office. This broadened the scope of the injunction, the temporary writ having gone against the use of force only in ousting appellee.

Appellants argue really but one proposition, and that is that the answer constituted a defense to the complaint, and consequently, it was error to sustain the demurrer to it, and it was error to enjoin them as was done.

It is submitted by counsel for appellants that the answer denied that the appellants had used, or intended to use, other than lawful means to get possession of the office. The complaint alleged force and other unlawful means. The answer specifically denied force, either actual or intended. It further contains a general denial of all allegations of the complaint not elsewhere therein admitted. This makes the answer a complete denial of the allegations of fact contained in the complaint, and it was error to sustain the demurrer. The district court evidently must have overlooked this general denial in the answer, and must have considered only the specific denial of an intent to use force to take possession of the office.

It was error to sustain the demurrer to the answer under the circumstances, and the judgment of the lower court will be reversed, and the cause remanded, with instructions to overrule the demurrer to the answer; and it is so ordered.

ROBERTS, C. J., and HANNA, J., concur.

SYLLABUS BY THE COURT.