BOARD OF COMMISSIONERS OF DUBOIS COUNTY v. CAVE.

[Nos. 23,889, 23,890, 23,891. Filed October 28, 1921. Rehearing denied June 1, 1922.]

APPEAL. — *Parties.* — *Interest.* — *Contractor's Action for Relief from Contract.*—*Right of County Board of Commissioners to Appeal.*— A board of county commissioners, in an action against it by a road contractor, under §7723a *et seq.* Burns' Supp. 1921, Acts 1919 p. 475, to annul a contract because of extraordinary expenses occasioned by the war between the United States and Germany, wherein a judgment was rendered against it for the part of the work done under the contract and costs, was a party in interest who could appeal from the judgment, and appellee is estopped to deny that the board has such an interest as will enable it, on appeal, to contest his right to recover the judgment.

From Dubois Circuit Court; *Oscar Ratts*, Special Judge.

Actions by William Cave against the Board of Commissioners of Dubois county. From a judgment for plaintiff, the defendant appeals. Causes No. 23,890 and No. 23,891 consolidated with above named cause on appeal. *Reversed.*

*Leo H. Fisher, John E. McFall* and *Michael A. Sweeney,* for appellant.

*Rynerson & Long, Pickens, Moores, Davidson & Pickens, Smith, Remster, Hornbrook & Smith, Matson, Kane & Ross, Robert D. McCord, Hugh Wickens, Bomar Traylor* and *Funkhouser, Funkhouser, Vandeveer & Markel,* for appellee.

EWBANK, J.—Another case by the same name, but relating to a different contract (No. 23890), and a third appealed by this appellant from a judgment releasing a different party from his contract (No. 23891), were consolidated with this one, and the three will be disposed of together. In each case a petition was presented to the

board of commissioners, stating that the petitioner (appellee) had entered into a contract with said board to construct a certain highway improvement, and had constructed part of it, and received certain payments, but not the full contract price for the work done, and that for certain alleged reasons the petitioner could not complete it without great loss, and asking that he be released from the obligation of his contract and paid in full at the contract price for the work done. The board denied each petition, and each proceeding was removed to the circuit court, where the board of commissioners demurred to each petition on the ground that it did not state facts sufficient to constitute a cause of action, a memorandum being attached which stated that the act approved March 13, 1919 (Acts 1919 p. 475, §7723a *et seq.* Burns' Supp. 1921), on which the actions were based, is unconstitutional. The demurrer was overruled in each case and appellant excepted. Appellant then filed an answer of denial in each case, and after hearing evidence the court rendered judgment in each case that the contract between the appellee and the appellant board be canceled, and that the appellee recover from the appellant board a named sum of money, together with his costs. The amount of money for which the appellee recovered judgment was $434.60 in one case, $1,011.62 in another, and $845.75 in the third, besides the costs. From each judgment the appellant duly perfected an appeal.

As preliminary to the consideration of the merits of the several appeals it is urged that the board of commissioners is not a party in interest, entitled to maintain an appeal, or to question the constitutionality of the statute on which the judgments are based. But each judgment appealed from commanded appellant to pay out a sum of money in its hands, for which it must some day account, and for which it could not obtain credit on

such an accounting by reporting that it paid the money to appellees in violation of a provision of the constitution. And an appellee who sued the appellant and recovered a judgment against it, if only for costs, is estopped to deny that appellant has such an interest as will enable it on appeal, to contest his right to recover such judgment. *Renner* v. *Ross, Admr.* (1887), 111 Ind. 269, 270, 12 N. E. 508; *Clearspring Township* v. *Blough* (1909), 173 Ind. 15, 21, 88 N. E. 511; *Marshall* v. *Matson* (1908), 171 Ind. 238, 243, 86 N. E. 339; Ewbank's Manual (2d ed.) §142a. The other questions in the case are decided by the opinion in *Davis Construction Co.* v. *Board, etc.* (1921), *ante* 144, in which the court held that the act of 1919 (Acts 1919 p. 475), on which each of these actions was based, is unconstitutional.

Upon the authority of that decision each judgment is reversed with directions to sustain appellant's demurrer to each complaint.