LELAND LESTER, AS EXECUTOR OF THE LAST WILL AND
TESTAMENT OF WILLIAM LESTER, DECEASED *v.*
NELL MAE LESTER.

[No. 1-174A1. Filed July 8, 1974.]

*Ted R. Todd, Hensley, Todd & Castor,* of Madison, *Gretchen H. Cole,* of Vevay, for appellant.

*Curtis M. Jacobs, Cooper, Cox, Jacobs and Kemper,* of Madison, *Chester R. Callis,* of Vevay, for appellee.

LOWDERMILK, J.—This appeal comes to us from a cause submitted to the court on stipulation, with no further evidence being admitted.

The court, after considering the same, found that the promissory notes and mortgage constitute personal property in the names of both husband and wife and that there was no clear, contrary intention expressed in the will of the de-

cedent to the operation of IC 1971, 32-4-1-1(c), and entered judgment that Nell Mae Lester was the sole owner of the real estate mortgage and notes dated November 8, 1969, executed to William Lester and Nell Mae Lester, husband and wife, which said notes and mortgages are the subject of this action.

The court further decreed that the Executor of the Last Will and Testament of William Lester, deceased, had no right or interest in and to said mortgage and notes.

The fact to be determined was—who was the owner of personal property which consisted of notes for $20,000, secured by a mortgage, the ownership of which is claimed by the respective parties, pursuant to the following facts, hereinafter set out, as well as the pertinent statute covering the same.

William Lester, the decedent, executed his Last Will and Testament on July 23, 1971, and subsequently died on October 9, 1971, leaving the appellee, Nell Mae Lester, as his surviving widow.

The notes and mortgage in dispute were executed on November 8, 1969, to William Lester and Nell Mae Lester, husband and wife.

After the execution of decedent's will and prior to the date of his death, a new statute became effective pertaining to personalty and which statute is IC 1971, 32-4-1-1(c) (Burns Code Ed.), and is as follows:

"(c) Household goods acquired during coverture and in the possession of both husband and wife and any promissory note, bond, certificate of title to a motor vehicle, certificate of deposit or any other written or printed instrument evidencing an interest in tangible or intangible personal property in the name of both husband and wife, shall upon the death of either become the sole property of the surviving spouse unless a clear contrary intention is expressed in a written instrument; Provided, however, that this shall not create a presumption that the exercise of the right of the surviving spouse to the immediate ownership or possession and enjoyment of such property shall be

deemed a transfer taxable under the provisions of IC 1971, 6-4-1-1—6-4-1-40 [Burns §§ 7-2401—7-2441.]"

The issues presented are: (1) Does IC 1971, 32-4-1-1(c) (Burns Code Ed.) apply to the Last Will and Testament of William Lester, deceased, which will was executed prior to the enactment of this statute? (2) If IC 1971, 32-4-1-1(c) does apply, then does the Last Will and Testament of William Lester, deceased, constitute a clear contrary intention so as to defeat the provisions of this statute?

Appellant argues that IC 1971, 32-4-1-1(c) would not apply in the case at bar since said statute became effective after the notes and mortgage were executed and the will of the decedent was executed. Appellant contends that to hold that said statute applies in this case would be to give the statute a retrospective application and that such application is not proper absent a clear legislative intent. It is the further position of appellant that said statute would not apply since it would divest the vested rights of the estate of the decedent in one-half of the value of the mortgage and promissory notes.

It is well settled in Indiana that a will must be construed under the law in effect at the death of the testator. *Hayes* v. *Martz* (1910), 173 Ind. 279, 190 N.E. 309 (On petition for rehearing, p. 291.) It is stated in 29 I.L.E., Wills, § 172, p. 321, as follows:

"Laws in force at different times. A will must be construed by the law existing at the testator's death, rather than by the laws in force at the date of the execution of the will." See, also, 94 C.J.S., Wills, § 77, p. 785.

It is clear that the operation of the statute in question will not affect any vested rights. The statute had no effect on the ownership of the mortgage and promissory notes in question at the time it became effective. The statute would only affect the mortgage and promissory notes at the death of the decedent but such effect would not divest any vested right since the statute set out specific procedures whereby

the decedent could assign or devise any interest that he might have in the property in question by expressing a clear contrary intention in a written instrument.

As stated above, it is our opinion that IC 1971, 32-4-1-1(c) (Burns Code Ed.) is directly applicable to the mortgage and promissory notes in question.

The remaining issue is whether the will of the decedent expresses a clear contrary intention to the operation of IC 1971, 32-4-1-1(c) (Burns Code Ed.) IC 1971, 32-4-1-1(c) (Burns Code Ed.) clearly provides that the property in question shall become the sole property of appellee ". . . unless a clear contrary intention is expressed in a written instrument; . . ."

The will of the decedent bequeaths no property to appellee, since she has her own property. The will further provides that the decedent did will and bequeath all of his property, real and personal, to his brother. Appellant argues that this will establishes a clear contrary intention of the testator that IC 1971, 32-4-1-1(c) (Burns Code Ed.) should not apply. Appellant points out that to give sole ownership of the property in question to appellee would be inconsistent with the clear intent of the will of the decedent.

Appellee contends, and the trial court specifically found, that the decedent's will did not express a clear contrary intention to the operation of IC 1971, 32-4-1-1(c) (Burns Code Ed.) Appellee points out that while the appellant's contention might be one interpretation of the will, another interpretation is equally as compelling. Appellee points out that while the decedent did not wish appellee to receive anything under his will, the will does not express any clear intention that the appellee should not take property which would pass outside the will by operation of law. Appellee points out that the language of the will stating that appellee has her own property could logically be interpreted to be a reference to the joint property in ques-

tion which would, by operation of IC 1971, 32-4-1-1 (c) (Burns Code Ed.) go directly and solely to the appellee. It is our opinion that the trial court correctly found that the will did not espouse a clear contrary intention to the operation of IC 1971, 32-4-1-1 (c) (Burns Code Ed.)

This is an appeal from a negative judgment and the decision of the trial court will only be reversed if said decision is contrary to law. It is only where the evidence leads but to one conclusion and an opposite conclusion has been reached by the trial court that the decision will be reversed as being contrary to law. *Goff* v. *Graham* (1974), 159 Ind. App. 324, 306 N.E.2d 758. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N.E.2d 669. In the case at bar the evidence could lead to more than one conclusion as to the interpretation of the will and it is our opinion that the conclusion reached by the trial court is sustained by the evidence and the law.

Finding no reversible error, the judgment of the trial court is affirmed.

Robertson, P.J. and Lybrook, J. concur.

NOTE.—Reported at 313 N.E.2d 357.