**In the Matter of the ESTATE OF Mildred P. SPANLEY, Deceased.**

**No. 3–483A106.**

Court of Appeals of Indiana,
Third District.

Jan. 10, 1984.

Carl J. Suedhoff, Jr., Thomas L. Wooding, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellant Lincoln Nat. Bank, Executor of Estate of Figel and Trustee of Testamentary Trust of Figel; and also Lincoln Nat. Bank, Executor of Estate of Spanley.

Edward E. Beck, Shambaugh, Kast, Beck & Williams, Fort Wayne, for appellant Edward E. Beck, Guardian ad litem for the Unborn Heirs of Gloria J. Figel.

Lawrence E. Shine, Paul D. Mathias, Shoaff, Parker & Keegan, Fort Wayne, for appellees.

HOFFMAN, Presiding Judge.

Mildred P. Spanley had prepared for her a Will which included the following provision:

"ITEM V

In the event my daughter, Gloria J. Figel, shall die within six (6) months after the date of my death, or prior to receiving her distributive share of my estate, whichever shall first occur, any interest which would have passed to my said daughter under the provisions of this Will is to be disposed of according to the plan of distribution which would have been in effect under the terms of this Will if my said daughter had predeceased me."

Spanley died on February 18, 1977. Gloria Figel died on December 31, 1977, more than six months after Spanley, but prior to distribution of Figel's share.

This action arises from objections made by Terry, Charles, and Patrick Figel, Gloria's children, to the verified closing statement filed by the personal representative of the Spanley estate. The trial court held the language of the Will was clear and unambiguous, and Figel had failed to satisfy the conditions of Item V of Spanley's Will set out above. This appeal results.

The appellants in this action are: Lincoln National Bank, as Executor of Gloria J. Figel's estate, Trustee of the testamentary trust of Gloria J. Figel and Executor of Mildred P. Spanley's estate; and Edward E. Beck, Guardian ad litem for the unborn heirs of Gloria J. Figel. On appeal two issues are raised for review:

(1) whether the trial court erred in construing the clear and unambiguous language contained in Mildred P. Spanley's Will in a manner which divests Figel of her share of the estate; and

(2) whether the trial court erred in finding the language of Spanley's Will clear and unambiguous and excluding extrinsic evidence as to the testator's intention.

 When examining a Will the main goal is to determine and carry out the testator's intent. *Matter of Estate of Hensley*, (1980) Ind.App., 413 N.E.2d 315. Where the meaning of the language used in a Will is clear and unambiguous, the court is limited to the language within the four corners of the document as a source for determining the testator's intent. *Stoner v. Custer, Extr. et al.*, (1969) 252 Ind. 661, 251 N.E.2d 668. If the testator's intent cannot be garnered from the instrument, the court may resort to rules of construction. *Donahue v. Watson*, (1980) Ind.App., 411 N.E.2d 741. Further, a Will must be construed with regard to the law and statutes in effect at the time of testator's death. *Lester, Extr. v. Lester*, (1974) 160 Ind.App. 671, 313 N.E.2d 357. A court should strive to give effect to every provision, clause, term or word if possible. *Diaz v. Duncan*, (1980) Ind.App., 406 N.E.2d 991.

 In the case at bar the trial court interpreted the language of Item V of Spanley's Will in its most restrictive sense. Under this interpretation Figel would have had to survive beyond six months *and* beyond the time her share of the estate was distributed. This interpretation does violence to the testator's intent and the com-

mon ordinary meaning of the language used by testator.

The interpretation applied by the trial court renders two portions of Item V meaningless surplusage. First, the part of the clause which states "whichever shall first occur" is rendered meaningless since the court would require Figel to survive beyond the time limits of both conditions in order to receive her share of the estate.

The provision requiring that Figel survive Spanley for a period of six months is also rendered meaningless by the court's interpretation. At the time of Spanley's death, IND.CODE § 29-1-14-1 provided that an estate must remain open for six months to allow creditors time to file claims against the estate. Although partial distribution may be made before six months, final distribution could not be made for six months. Thus, the language of the Spanley Will, requiring that Figel survive Spanley by six months, is redundant under the trial court's interpretation. As stated above it is the duty of the trial court to give effect to all terms and provisions of the Will to determine the testator's intent. This was not done.

The language of the Spanley Will is clear and unambiguous. The only interpretation which gives effect to all of the language of the Will and thus testator's intention is that interpretation forwarded by appellants. Item V of the Will requires that Figel either a) survive Spanley for a period of six months, or b) survive until her share of the estate is distributed. Once Figel has met either condition, i.e., the first to occur, she cannot be divested of her share of the estate. Figel satisfied the first condition and her estate is entitled to her share of the Spanley estate.

For the reasons stated above the decision of the trial court is reversed. In light of the determination of the first issue raised by appellant, it is unnecessary to discuss the second.

Reversed.

GARRARD and STATON, JJ., concur.