UNITED STATES of America, Appellee,

v.

Anthony COMPARATO, Individually, and as the Administrator of the estate of John Comparato, Mildred Comparato, Millicent Comparato, Diana Comparato Carlucci, Appellants.

No. 1275, Dockets 93–6237, 93–6293.

United States Court of Appeals,
Second Circuit.

Argued March 28, 1994.

Decided April 18, 1994.

Richard F. Thurston, Denver, CO, for appellants.

Sara S. Holderness, Atty., Dept. of Justice, Washington, DC (Loretta C. Argrett, Asst. Atty. General, and Gary R. Allen and Gilbert S. Rothenberg, Attys., Dept. of Justice; and Zachary W. Carter, U.S. Atty., Brooklyn, NY, on the brief), for appellee.

Before: TIMBERS, CARDAMONE, and KEARSE, Circuit Judges.

TIMBERS, Circuit Judge:

Appellants appeal from a summary judgment in favor of the government entered in the Eastern District of New York, Reena Raggi, *District Judge.* The court held that federal tax liens had attached to Anthony and Mildred Comparato's property interests in malpractice claims arising from their son's death. The court also held that Anthony and Mildred Comparato's renunciations of their interests in their son's estate did not defeat the federal liens because the liens attached prior to the attempted renunciations. Summary judgment was entered against Anthony and Mildred Comparato for their tax liabilities for the years 1974, 1975, 1976, and 1985.

Appellants contend that Anthony and Mildred Comparato's renunciations of their interests in their son's estate defeated the federal tax liens. They claim that, pursuant to New York law, their renunciations retroactively extinguished their interests in their son's estate.

We affirm.

I.

We summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

The United States commenced this action to collect on tax assessments against Anthony and Mildred Comparato. Between 1985 and 1989, the Internal Revenue Service (IRS) assessed Anthony Comparato a total of $676,534.99 in taxes, interest, and penalties for the tax years 1974–1976 and 1981–1985. In 1989, the IRS assessed Mildred Comparato a total of $215,515.22 in taxes, interest, and penalties for the years 1974–1976 and 1981–1984.

Anthony and Mildred Comparato's principal asset is $650,000 held in escrow accounts pending the outcome of the litigation related to their tax obligations. This money represents the proceeds of the settlement of malpractice actions arising from the death of John Comparato—Anthony and Mildred Comparato's quadriplegic son who died intestate on March 30, 1984. While John Comparato was still alive, a malpractice action which sought damages for pain and suffering was commenced in New York State Supreme Court, New York County. After John Comparato's death, the Queens County Surrogate's Court appointed Anthony Comparato as administrator of John's estate. As administrator, Anthony Comparato pursued the pain and suffering claim and commenced another action for wrongful death. Eventually, the pain and suffering claim was settled for $350,000. The wrongful death claim was settled for $500,000.

In 1989, Anthony Comparato petitioned the Surrogate's Court to approve the settlement and to permit payment of various expenses, including legal fees. He asked that the net proceeds be distributed equally between himself and his wife as John's statutory distributees. In August 1989, before the Surrogate's Court acted on this request, the IRS served notices of levy on Baron & Vesel, attorneys for the Comparato estate, citing tax liens against Anthony and Mildred Comparato. The Surrogate's Court entered an order permitting payment of $200,000 in attorney's fees, the remainder of the money ($650,000) to be deposited in eleven separate escrow accounts pending the outcome of Anthony and Mildred Comparato's challenge to the federal tax assessments.

On April 10, 1991, Anthony and Mildred Comparato executed separate renunciations of their interests in John's estate pursuant to N.Y. Estates, Powers and Trusts Law, § 2–1.11 (McKinney 1981 & Supp.1994). On September 23, 1991, the Surrogate's Court permitted the renunciations to be filed, despite the fact that the renunciations had not been filed within the nine-month statutory period.

On July 21, 1992, the Surrogate's Court permitted Diana and Millicent Comparato to intervene in the administration of their brother John's estate. Under New York law, they would succeed their parents as the statutory distributees of John. N.Y. Estates, Powers and Trusts Law, § 4–1.1(a)(5) (McKinney Supp.1994).

On July 15, 1992, the government commenced this action which sought to reduce to judgment the tax liabilities of Anthony and Mildred Comparato. In a July 2, 1993 order, the court held that Anthony and Mildred

Comparato, as the presumptive heirs and sole statutory distributees of their intestate son, acquired property interests in the proceeds of the malpractice claims as of the date of their son's death. The court also held that Anthony and Mildred Comparato could not renounce their interests in their son's estate to defeat the federal tax liens. The court granted summary judgment in favor of the government. On August 17, 1993, the court entered a final judgment pursuant to Fed. R.Civ.P. 54(b) with respect to the assessments for the years 1974–1976 and 1985 against Anthony Comparato, and for the years 1974–1976 against Mildred Comparato. Enforcement of the judgment was stayed pending a final settlement order by the Surrogate's Court.

Appellants contend that Anthony and Mildred Comparato never had an interest in the settlement proceeds to which the federal tax liens attached as a result of their renunciations pursuant to New York law. The parties stipulated to dismissal of the cross-appeal.

## II.

Section 6321 of the Internal Revenue Code provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty ...) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person". 26 U.S.C. § 6321 (1988). The scope of § 6321 "is broad and reveals ... that Congress meant to reach every interest in property that a taxpayer might have". *United States v. National Bank of Commerce*, 472 U.S. 713, 719–20 (1985). Moreover, a tax lien attaches automatically at the time of the assessment and remains in effect until the liability is satisfied. 26 U.S.C. § 6322 (1988). State law controls whether a taxpayer has an interest in property to which a lien may attach. *Aquilino v. United States*, 363 U.S. 509, 512–13 (1960).

Appellants contend that Anthony and Mildred Comparato's renunciations of their interests in their son's estate retroactively ex-

tinguished any property interests they may have had in the malpractice claims. Absent the renunciations, appellants do not dispute that Anthony and Mildred Comparato had property interests in the malpractice claims as the presumptive heirs and statutory distributees of their intestate son. Instead, appellants rely on New York law, which provides that "[a]ny beneficiary of a disposition may renounce all or part of his interest". N.Y. Estates, Powers and Trusts Law, § 2–1.11(b)(1) (McKinney 1981). In New York, a renunciation is deemed "retroactive to the creation of the disposition" and it "has the same effect with respect to the renounced interest as though the renouncing person had predeceased the creator or the decedent". N.Y. Estates, Powers and Trusts Law, § 2–1.11(d) (McKinney Supp.1994). This statute creates a legal fiction that allows distributees to avoid attachment by creditors or the payment of taxes. *In re Estate of Scrivani*, 455 N.Y.S.2d 505, 509, 116 Misc.2d 204, 207–08 (Sup.Ct.N.Y.County 1982).

Appellants rely on § 2–1.11 in contending that Anthony and Mildred Comparato's renunciations resulted in Diana and Millicent Comparato becoming the exclusive owners of the malpractice claims as of John's death on March 30, 1984. Since this date preceded the IRS's assessments against Anthony and Mildred Comparato, appellants contend that Anthony and Mildred Comparato did not have an interest in the malpractice claims pursuant to § 2–1.11 at the time the federal tax liens attached. We reject this contention.

The court properly held that, once the federal liens attached to Anthony and Mildred Comparato's interests in the malpractice actions, their subsequent renunciations pursuant to state law were not effective against the federal liens. *United States v. Mitchell*, 403 U.S. 190, 203–04 (1971) (a state law renunciation could not defeat a federal tax lien that attached to property rights that vested prior to the renunciation). The court held that both Anthony and Mildred Comparato had a vested interest in the settlement proceeds from the malpractice claims. Obvi-

**458**

ously, the government could have enforced the liens against Anthony and Mildred Comparato prior to the attempted renunciations. We hold that, once state law provided both Anthony and Mildred Comparato with a vested interest in the proceeds of the malpractice actions, federal law controlled whether their interests were exempt from levy by the United States. *United States v. Rodgers*, 461 U.S. 677, 683 (1983) ("[O]nce it has been determined that state law has created property interests sufficient for federal tax lien[s] to attach, state law 'is inoperative to prevent the attachment' of such liens") (quoting *United States v. Bess*, 357 U.S. 51, 56–57 (1958)).

Section 6334(c) of the Internal Revenue Code provides that no property is exempt from levy other than property specifically made exempt by § 6334(a). 26 U.S.C. § 6334 (1988 & Supp.IV 1992). Since § 6334(a) does not provide an exemption for Anthony and Mildred Comparato's interests in their son's estate, the federal tax liens are effective against their interests despite their subsequent renunciations pursuant to § 2–1.11 *Mitchell, supra*, 403 U.S. at 205 (§ 6334 does not provide "for automatic exemption of property that happens to be exempt from state levy under state law"). We reject appellants' contention that the retroactive ownership provision in § 2–1.11 may defeat federal tax liens that attached prior to the attempted renunciations. *Rodriguez v. Escambron Dev. Corp.*, 740 F.2d 92, 98 (1 Cir. 1984) (the legal fiction of retroactive ownership recognized in the adverse possession statute could not be invoked to defeat federal liens).

We affirm the court's decision that Anthony and Mildred Comparato could not renounce their interests in their son's estate to defeat federal tax liens that attached prior to their attempted renunciations.

### III.

To summarize:

We hold that the court properly held that appellants' renunciations of their interests in their deceased son's estate did not defeat federal tax liens that attached prior to the renunciations.

Affirmed.